[No. 3627.]

## J. D. Smith v. The State.

1. FORGERY.— INDICTMENT for forgery, to be sufficient, must purport to, and must set out the alleged false instrument by its tenor — that is, *in hæc verba* — unless it be impracticable to do so, in which event it must specifically allege the reason for not thus setting it out, and then allege its substance, and so describe it as to identify it with reasonable certainty. No pretense at setting out the alleged false instrument by its tenor is made in this indictment, but it expressly states that it is set out substantially only, and no reason for not stating it *in hæc verba* is alleged. *Held*, that the indictment is fatally defective.

2. SAME — FACT CASE.— See the statement of the case for evidence held insufficient to support a conviction for forgery, although sufficient, perhaps, to convict of swindling.

APPEAL from the District Court of Brazos. Tried below before the Hon. W. E. Collard.

This conviction was for forgery under an indictment which alleged that the false instrument of writing was " substantially as follows: Mr. J. D. Smith, Dear Sir: I will leave $2.50 at Dr. Smythe's drug store for you next Saturday. I will either come in myself or Mr. —— (whose name the grand jury do not know) will bring it.

(Signed) Dr. J. S. Edge." A term of two years in the penitentiary was the punishment assessed by the jury.

Eddie Smith was the first witness for the State. He testified that during the months of June and July, 1884, he was a clerk in Doctor Smythe's drug store, in the town of Bryan, Brazos county, Texas. About June 10th, of that year, the defendant came to that store and exhibited to the witness an instrument in writing now lost, which was substantially in the words and figures set out in the indictment. He told the witness that he was in need of money, and that if the witness would give him $2.25, witness could make the other quarter on the order. Witness paid him $2.25, and took and filed the order among other business papers in the store. Soon after this transaction, the defendant left Bryan and was shortly arrested in Corsicana. Previous to his departure, and from some time in May, the defendant was a great deal about Doctor Smythe's drug store, and sometimes worked a little posting Doctor Smythe's books. After defendant left Bryan, and before he was arrested, witness looked for the paper described but could not find it. Witness mentioned the matter to Doctor Edge after the defendant's arrest.

On his cross-examination the witness testified that neither the description of the written instrument given in the indictment, and by him on the stand, was a literal, exact copy of the original, but were as near such as witness could now remember. The name of a party omitted in the indictment was in the original, but witness could not remember that name. He was positive that Doctor Edge's name was used in the original as a signature; he could not say positively that Doctor Edge's initials preceded the name "Edge," though he was of impression that they did. It was after the loss of the paper and the arrest of defendant that witness learned Doctor Edge's initials to be J. S., and he presumed that those initials preceded the name in the original.

Doctor J. S. Edge testified, for the State, that his name was J. S. Edge, and that he lived in Brazos county, about ten miles distant from Bryan. He had known the defendant for several years, but had never given him such an instrument as that described by Eddie Smith in his testimony. Witness never signed such an instrument, nor did he ever authorize the defendant or any one else to sign his name to such an instrument. After the arrest of the defendant, Eddie Smith spoke to the witness about this instrument, but the witness had never seen it or any instrument of such import.

The motion for new trial presented the question discussed in the opinion.

Syllabus.

*A. C. Brietz,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. An indictment for forgery must purport to, and must set out the alleged false instrument by its "tenor," that is, *in hæc verba,* or where it is not practicable to do this, it must specifically allege the reason for not thus setting it out, and then allege the substance of it, and so describe it as to identify it with reasonable certainty. ( *White v. The State,* 3 Texas Ct. App., 605 ; *Baker v. The State,* 14 Texas Ct. App., 332 ; 2 Bish. Cr. Proc., §§ 403, 404 ; *Thomas v. The State, ante,* p. 213.) In this case, the indictment does not pretend to set out the alleged false instrument by its tenor, but expressly states that it is set out *substantially* only. No reason whatever is alleged for not setting out the instrument *in hæc verba.* Such an indictment for this offense is fatally defective under all the authorities.

We will remark further that the evidence, in our opinion, does not establish the offense of forgery. It may be sufficient to prove the offense of swindling.

Because the indictment is defective in matter of substance the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered June 10, 1885.]